## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FANNIE MAE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. ___CIV-19-331-G___ |
| | ) | |
| LAKEVIEW TOWERS, LLC; | ) | |
| and VAIOS THEODORAKOS; | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Fannie Mae ("Fannie Mae"), for its Complaint against Defendants, Lakeview Towers, LLC ("Lakeview") and Vaios Theodorakos ("Theodorakos") (collectively, "Defendants") alleges and states upon information and belief as follows:

## THE PARTIES

1. Fannie Mae is a corporation duly organized under the laws of the United States of America with its principal place of business in Washington, D.C.

2. Lakeview is an Oklahoma limited liability company with its principal place of business in Oklahoma City, Oklahoma.

3. Theodorakos is an individual who, upon information and belief, resides and is domiciled in Framingham, Massachusetts.

4. There exists complete diversity among the parties and the amount in controversy in this matter exceeds $75,000 exclusive of interest and costs. This Court has diversity jurisdiction over this matter.

1

5.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Lakeview's principal place of business is within this District.  Additionally, by agreement the parties designated Oklahoma City as the appropriate venue for any action and waived any objection to venue in the state and federal courts located in Oklahoma City.

### FIRST CAUSE OF ACTION
**(Breach of Fannie Mae Commitment Number 859038)**

6.   On or about April 1, 2009, Lakeview executed and delivered to Arbor Commercial Funding, LLC ("Arbor") Fannie Mae Commitment Number 859038 (the "Note") in the original principal amount of $8,000,000.00.

7.   Simultaneously and in conjunction with the Note, on or about April 1, 2009, Arbor executed and delivered to Fannie Mae an Assignment of Mortgage, transferring and assigning Fannie Mae all of Arbor's rights, title, interests, obligations and burdens in, to and arising under, among other agreements, the Note.

8.   Lakeview is in default upon its obligations under the Note. Among other defaults, the Note matured on April 1, 2019 and became fully due and payable. Lakeview has failed to pay the full amount due in accordance with the terms of the Note.

9.   By letter dated April 9, 2019, Fannie Mae demanded payment in full of the Note.

10.   Fannie Mae is the holder and owner of the Note and is entitled to enforce the Note pursuant to its terms.

11.   As of April 11, 2019, the current principal balance of the Note is $6,747,267.55, with interest accrued through March 31, 2019 in the amount of

$33,408.35, and default interest accrued through April 11, 2019 in the amount of $20,101.18. Interest continues to accrue at the annual default rate of 9.75% and a per diem rate of $1,827.38.

WHEREFORE Fannie Mae prays for judgment in its favor against Lakeview upon its First Cause of Action for $6,800,777.08 ($6,747,267.55 in principal, plus interest as of March 31, 2019 in the amount of $33,408.35 and default interest as of April 11, 2019 in the amount of $20,101.18), plus interest continuing to accrue at the annual default rate of 9.75% and a current per diem rate of $1,827.38, costs of this action including reasonable attorney's fees, and such other and further relief as the Court deems proper.

## SECOND CAUSE OF ACTION
### (Breach of Exceptions to Non-Recourse Guaranty)

12. On or about April 1, 2009, Theodorakos personally guaranteed Lakeview's obligations under the Note by executing an Exceptions to Non-Recourse Guaranty (the "Guaranty").

13. Simultaneously and in conjunction with the Guaranty, Arbor executed an Assignment of Collateral Agreements and Other Loan Documents, which assigned to Fannie Mae all of Arbor's rights, title and interest in and to the Guaranty.

14. Under the Guaranty, Theodorakos is liable to Fannie Mae for a portion of the outstanding balance due under the Note equal to the amount of damages caused by Lakeview's failure to provide Fannie Mae with insurance proceeds to be applied to the payment of the outstanding balance due under the Note.

15. Theodorakos' obligations under the Guaranty are currently due and owing due to Lakeview's default upon its obligations under the Note.

16. Theodorakos is in default under the terms of the Guaranty.

WHEREFORE Fannie Mae prays for judgment in its favor against Theodorakos for a portion of the outstanding balance due under the Note equal to the amount of damages caused by Lakeview's failure to provide Fannie Mae with the insurance proceeds to be applied to the payment of the outstanding balance due under the Note, plus interest and late fees, costs of this action including reasonable attorney's fees, and such other and further relief as the Court deems proper.

## THIRD CAUSE OF ACTION
### (Foreclosure of Mortgage)

17. On or about April 1, 2009, to secure its obligations under the Note, Lakeview made, executed, and delivered to Arbor a Multifamily Mortgage, Assignment, Assignment of Rents, and Security Agreement (the "Mortgage"), a copy of which is attached hereto as **Exhibit "1"**.  The Mortgage grants a mortgage against and security interest in the real property described in the Mortgage (the "Property") and all erected or affixed buildings, improvements, fixtures, personalty, easements, rights of way, appurtenances, water rights, mineral rights, and all other rights, royalties, and profits relating to the Property, as well as the personal property described in the Mortgage (the "Additional Collateral").

18. The Mortgage was recorded on April 1, 2009 in Book 11055, Page 731 of the real estate records of the County Clerk of Oklahoma County, Oklahoma, thereby creating a lien on the Property and Additional Collateral.

19. Simultaneously and in conjunction with the Mortgage, Arbor executed an Assignment of Mortgage, which assigned to Fannie Mae all of Arbor's rights, title and interest in and burdens in, to and arising under the Mortgage. The Assignment of Mortgage was recorded on April 1, 2009 in Book 11055, Page 778 of the real estate records of the County Clerk of Oklahoma County, Oklahoma.

20. Fannie Mae has performed all conditions, covenants, and promises on its part to be performed pursuant to the Mortgage

21. Lakeview is in default under the terms of the Mortgage as a result of its defaults under the Note, described above. All sums secured by the Mortgage are immediately due and payable in accordance with the terms thereof.

WHEREFORE, Fannie Mae prays for judgment in its favor against Lakeview (a) that the Mortgage be foreclosed, (b) for the sale of the Property according to law, (c) for the amounts due and owing under the Note, (d) that the proceeds of the sale be applied in payment of the amounts due to Fannie Mae, and (e) that Lakeview and all persons claiming under any title instruments subsequent to the execution and original recordation of the Mortgage, whether as lien claimants, judgment creditors, persons claiming under junior deeds of trust, purchasers, encumbrances, or otherwise, be barred and foreclosed from all rights, claims, or equity redemption in the Property and every part of the Property when the time for redemption has elapsed.

## FOURTH CAUSE OF ACTION
### (Foreclosure of Security Agreement)

22. Paragraph 2 of the Mortgage also grants Fannie Mae a security interest in all of the Additional Collateral that can lawfully be made subject to a security interest under the Uniform Commercial Code.

23. Fannie Mae properly perfected its security interests in the Additional Collateral pursuant to the Mortgage.

24. Fannie Mae is the current owner and holder of the security interests in the Additional Collateral granted under the Mortgage.  It is entitled to enforce the security interests according to the terms of the Mortgage.

25. Because Lakeview has defaulted under the terms of the Note by failing to make payment when due, and Fannie Mae's perfected security interest in the Additional Collateral, Fannie Mae has a special ownership or interest in such Additional Collateral and is entitled to immediate possession thereof in accordance with the terms of the Mortgage and its rights under the Uniform Commercial Code.

WHEREFORE, Fannie Mae prays for judgment in its favor against Lakeview upon its Fourth Cause of Action (a) ordering Fannie Mae's secured interest in the Additional Collateral under the Mortgage be foreclosed, (b) an order delivering possession of the Additional Collateral to Fannie Mae, (c) costs of this action including reasonable attorney's fees, and (d) such other and further relief as the Court deems proper.

## <u>FIFTH CAUSE OF ACTION</u>
### (Request for Receiver)

26. Paragraph 43 of the Mortgage grants Fannie Mae the right to the appointment of a receiver for the Property and Additional Collateral upon the occurrence of a default and provides that Lakeview irrevocably consents to the appointment of a receiver.

27. The appointment of a receiver under federal common law is appropriate during the pendency of a foreclosure proceeding.

28. Fannie Mae will shortly file an application seeking the appointment of a receiver in this case for the Property and Additional Collateral to administer and protect the Property and Additional Collateral pending adjudication of Fannie Mae's claim for foreclosure.

WHEREFORE, Fannie Mae prays for appointment of a receiver to take immediate possession of the Property and Additional Collateral and to preserve the same until the Property and Additional Collateral can be disposed of by sale and entry of an order authorizing Fannie Mae, either through the appointed receiver or directly, to sell the Property and Additional Collateral in a commercially reasonable manner, and further authorizing the use of the proceeds of such sale first to satisfy the costs and fees of such sale and of this action (including Fannie Mae's reasonable attorneys' fees and all other expenses reasonably incurred in protecting, preserving, storing, and selling the Property and Additional Collateral as allowed for and provided in both the Note and the Mortgage), then to satisfy Lakeview's adjudged indebtedness to Fannie Mae.

Respectfully Submitted,

*/s/ Christopher M. Scaperlanda*

Christopher M. Scaperlanda, OBA # 31703
Russell C. Lissuzzo, III, OBA # 33221
McAfee & Taft A Professional Corporation
10th Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, Oklahoma 73120
Telephone:    (405) 235-9621
Facsimile:     (405) 235-0439
christopher.scaperlanda@mcafeetaft.com
russell.lissuzzo@mcafeetaft.com