# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FANNIE MAE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-19-331-G |
| | ) |
| LAKEVIEW TOWERS, LLC, et al., | ) |
| | ) |
|     Defendants. | ) |

## **ORDER**

Plaintiff Fannie Mae initiated this lawsuit in April 2019, bringing claims against Defendants Lakeview Towers, LLC ("Lakeview") and Vaios Theodorakos. Plaintiff alleges that Defendant Lakeview has defaulted on a note held and owned by Plaintiff. Plaintiff also alleges that Defendant Theodorakos personally guaranteed Defendant Lakeview's obligations on the note and that he "is liable to Fannie Mae for a portion of the outstanding balance under the Note equal to the amount of damages caused by Lakeview's failure to provide Fannie Mae with insurance proceeds to be applied to the payment of the outstanding balance due under the Note." Compl. (Doc. No. 1) ¶ 14.

On May 8, 2019, Defendant Lakeview filed a notice advising that it had filed for Chapter 11 bankruptcy. While 11 U.S.C. § 362 extends the automatic-stay provisions of the Bankruptcy Code to the bankruptcy "debtor," the rule followed in the Tenth Circuit and by the majority of other circuits is that the stay provision does not extend to the debtor's codefendants. *See Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1330 (10th Cir. 1984). Accordingly, the Court ordered the parties to present and support any request to

stay the claims against Defendant Theodorakos as well as those against Defendant Lakeview. *See* Order of May 10, 2019 (Doc. No. 18).

Plaintiff has now moved for a stay of the claims against Defendant Theodorakos for 90 days or until the resolution of Defendant Lakeview's bankruptcy proceeding. *See* Pl.'s Mot. Stay (Doc. No. 20). Defendant Theodorakos has filed his Response objecting to a stay (Doc. No. 22) and Plaintiff has replied (Doc. No. 23).

Plaintiff argues that staying these claims would be prudent because if Plaintiff is made whole on the alleged debt by way of the bankruptcy action, it will have no need to pursue its claims against Defendant Theodorakos any further. Defendant Theodorakos objects to a stay, arguing that Plaintiff's claims are damaging to his reputation and that he is not liable to Plaintiff for any insurance proceeds because as of this date no such proceeds have been paid out. Plaintiff reasonably replies that whether such proceeds have been paid, or have been improperly prevented from being paid, is a question that should be explored through party discovery if resumption of this lawsuit is necessary.

A federal district court's "broad discretion to stay proceedings," *Clinton v. Jones*, 520 U.S. 681, 706 (1997), is inherent in its power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," *Landis v. N. Am. Co.*, 229 U.S. 248, 254 (1936). The party seeking a stay bears the burden of showing that there is a "pressing need for delay and that the other party will not suffer harm" as a result. *Nelson v. Granite State Ins. Co.*, No. CIV-08-1165-M, 2010 WL 680878, at *1 (W.D. Okla. Feb. 25, 2010).

The Court finds that staying this action is the most efficient course of action and will not be unduly prejudicial to Defendant Theodorakos, given the possibility that the relevant claims could be withdrawn entirely at the conclusion of the bankruptcy proceedings. Accordingly, Plaintiff's Motion (Doc. No. 20) is GRANTED. All deadlines and proceedings in this matter are ordered to be STAYED pending further order of the Court.[1] The parties shall promptly inform the Court, in writing, when Defendant Lakeview's bankruptcy proceeding has been concluded.

IT IS SO ORDERED this 12th day of July, 2019.

CHARLES B. GOODWIN
United States District Judge

---

[1] The pending Motion for Receiver (Doc. No. 4) is hereby denied as moot, without prejudice to being reurged at a later date.